UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No.: 3:05-CR-115 |
| ) | JUDGE PHILLIPS |
| JERE LYNN SEATON ) | |

## AGREED PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on September 21, 2005, an Indictment was filed in the above-referenced case charging Defendant Jere Lynn Seaton with, among other things, conspiracy to distribute and possess with the intent to distribute 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A) and 846; possessing with intent to distribute less than 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, U.S.C., § 841(a)(1) and (b)(1)(D); and possessing with intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, U.S.C., §§ 841(a)(1), 841(b)(1)(B) and Title 18, U.S.C., § 2.

WHEREAS, in the Forfeiture Allegations of the Indictment in the above-styled case, the United States sought forfeiture of the interest of the Defendant, pursuant to 21 U.S.C. § 853, in any and all property used, or intended to be used, to commit, and to facilitate the commission of said violations, and any and all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses charged in the Indictment.

AND WHEREAS, on March 17, 2006, the Defendant, JERE LYNN SEATON, pled guilty to, among other things, Count One of the Indictment charging him with violations of Title 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A) and 846, and agreed to forfeit his interest in the following property:

    (a)    The property/residence located at 1140 Middle Ridge Road, Sevierville, Tennessee, titled in the name of Jere Lynn Seaton.

The Defendant, JERE LYNN SEATON, agrees not to contest the administrative forfeiture of $3,165.00 in United States currency seized on February 17, 2005, by the Federal Bureau of Investigation.

AND WHEREAS, on March 17, 2006, this Court accepted the guilty plea of the defendant, JERE LYNN SEATON, and by virtue of said guilty plea and conviction, the Court has determined that the property identified below are subject to forfeiture pursuant to 21 U.S.C. § 853(a), and that the United States has established the requisite nexus between the property and the aforesaid offenses. Further the United States is now entitled to seize said property, pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. That based upon the conviction of defendant, JERE LYNN SEATON, under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, the United States is hereby authorized to seize the following property and the same is hereby forfeited to the United States for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(h):

    (a)    The property/residence located at 1140 Middle Ridge Road, Sevierville, Tennessee, titled in the name of Jere Lynn Seaton.

2. That the aforementioned forfeited property is to be held by the United States Marshals Service in their secure custody and control.

3. That pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal forthwith shall publish at least once for three consecutive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. This notice shall state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all other or third-party interests in said property, this court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the United States Marshals Service and to the United States Attorney's Office.

ENTER:

*Thomas W. Phillips*

THOMAS W. PHILILPS
UNITED STATES DISTRICT JUDGE

Submitted by:

JAMES R. DEDRICK
Acting United States Attorney

By: *W. Brownlow Marsh*

W. BROWNLOW MARSH
Special Assistant U.S. Attorney

*Jere Seaton*

JERE LYNN SEATON
Defendant

*Paula L. Voss*

PAULA VOSS
Attorney for Jere Lynn Seaton

4