## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:05-CR-115 |
| v. | ) JUDGE PHILLIPS |
| | ) |
| JERE LYNN SEATON, | ) |
| | ) |
| Defendant. | ) |

### FINAL ORDER OF FORFEITURE

1. On September 21, 2005, an Indictment was filed in the above-referenced case charging Defendant Jere Lynn Seaton with, among other things, conspiracy to distribute and possess with the intent to distribute 1,000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846; possessing with intent to distribute less than 50 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D); and possessing with intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2.

2. In the Forfeiture Allegations of the Indictment in the above-styled case, the United

States sought forfeiture of the interest of the Defendant, pursuant to 21 U.S.C. § 853, in any and all property used, or intended to be used, to commit, and to facilitate the commission of said violations, and any and all property constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses charged in the Indictment.

3. On March 17, 2006, the Defendant, JERE LYNN SEATON, pled guilty to, among other things, Count One of the Indictment charging him with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and agreed to forfeit his interest in the following property:

> The property/residence located at 1140 Middle Ridge Road, Sevierville, Tennessee, titled in the name of Jere Lynn Seaton.

4. On July 7, 2006, this Court entered an Agreed Preliminary Order of Forfeiture pursuant to the guilty plea entered by the Defendant, JERE LYNN SEATON, forfeiting to the United States, pursuant to 21 U.S.C. § 853, the defendant's interest in the above-referenced properties, which constitutes and are derived from proceeds obtained, directly or indirectly, as a result of the offense.

5. Pursuant to 21 U.S.C. § 853(n)(1), and the Agreed Preliminary Order of Forfeiture, Notice of Forfeiture as to the properties described above, were published in *The Mountain Press*, a newspaper of general circulation in Sevierville, Tennessee on three occasions: October 19, 2007; October 26, 2007; and on November 2, 2007. Proof of publication was filed on December 10, 2007.

6. The above-described real property was subject to a deed of trust in favor of the United States Department of Agriculture (USDA). On May 23, 2007, USDA foreclosed on the property. The high bid was $79,500, which was $13,337.25 in excess of the outstanding debt.

After the payment of expenses and the satisfaction of junior liens on the property, the remaining funds in possession of USDA total $11,225.55.

7. The Notice of Forfeiture advised that any person, other than the Defendant, having or claiming a legal interest in the forfeited property described herein, must file a petition with the Court within thirty (30) days of the final publication of the notice. The notice further provided that the petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. No person, corporation, or entity has filed a claim as to the property listed above.

8. The United States, by signature of the undersigned United States Attorney does not desire to disturb the foreclosure sale and hereby recognizes the purchaser's good faith claim to the real property. Accordingly, the United States seeks only the forfeiture of the excess proceeds being held by USDA. The USDA, by signature of its undersigned attorney, does not object to the forfeiture of the excess proceeds pursuant to law.

It is therefore ORDERED, ADJUDGED AND DECREED:

1. That the following property be and the same is hereby forfeited to the United States, pursuant to 21 U.S.C. § 853(h) and all right, title and interest in said properties be and the same are hereby vested in the United States:

Funds totaling $11,225.55 in the possession of the USDA.

2. That as soon as practicable, the USDA shall issue a check in the amount of $11,225.55 payable to the United States Marshal for the Eastern District of Tennessee, and send

same to the United States Marshal's Service at 800 Market Street, Suite 320, Knoxville, Tennessee 37902.

2. That the United States Marshal Service shall dispose of said forfeited property according to law.

3. That the Clerk of this Court provide the United States Marshal Service and the United States Attorney's Office with a certified copy of this Final Order of Forfeiture.

ENTER:

*Thomas H. Phillips*
_____
THOMAS W. PHILLIPS
UNITED STATES DISTRICT JUDGE

Submitted by:
JAMES R. DEDRICK
United States Attorney


D. Gregory Weddle
_____
D. GREGORY WEDDLE
Assistant United States Attorney


s/ Steven Youngpeter (with permission D. Gregory Weddle)
STEVEN YOUNGPETER
USDA, Office of General Counsel