UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| **JERE LYNN SEATON,** | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| vs. | ) | **Nos. 3:05-CR-115** |
| | ) | **3:14-CV-266** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent.* | ) | |
| | ) | |

## ORDER

Defendant Jere Lynn Seaton ("Seaton") has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255") [Doc. 164]. The United States has responded to the motion, objecting to Seaton's requested relief [Doc. 172]. The matter is now ripe for consideration. The Court has determined that Seaton is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons set forth herein, Seaton's § 2255 motion lacks merit and will be DENIED, and the case (No. 3:14-CV-266) IS DISMISSED.

**I.     BACKGROUND**

On September 21, 2005, the Grand Jury returned a multi-count Indictment against Seaton, charging him with, among other offenses, a conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), and possessing a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) [Doc. 3, *Indictment*]. On January 20, 2006, the Government filed a Notice of Enhancement pursuant to 21 U.S.C. § 851, subjecting Seaton to enhanced punishment based upon his two prior felony drug convictions[1] [Doc. 58].

---
[1]     21 U.S.C. § 841(b)(1)(A) provides that a defendant who is convicted under this section is subject to a mandatory term of imprisonment of life if he has two prior felony drug convictions and the United States complies with the notice provisions of 21 U.S.C. § 851.

1

On July 28, 2006, Seaton entered into a Plea Agreement [Doc. 109] in which he agreed to plead guilty to a lesser included offense of conspiracy to distribute 100 kilograms or more of marijuana and possessing a firearm as a convicted felon [Doc. 109, pg. 1]. Because Seaton agreed to plea to the lesser included offense under 21 U.S.C. § 841(b)(1)(B), Seaton avoided a mandatory life sentence based on his prior two felony drug convictions. As part of the Plea Agreement, Seaton waived filing any direct appeal of his conviction or sentence and waived filing a § 2255 motion to collaterally attack the plea except as to ineffective assistance of counsel or prosecutorial misconduct [Doc. 109, pg. 8-9]. The United States and Seaton also entered into an Agreed Factual Basis in which he stipulated that he had two prior felony offenses: (1) "January 26, 1999 – Case No. 6963, Circuit Court for Sevier County, Tennessee, Possession of Marijuana for Resale" and (2) "January 26, 1999 – Case No. 6962, Circuit Court for Sevier County, Tennessee, Sale Marijuana." [Doc. 110, pg. 2].

Based on Seaton's stipulation in the Agreed Factual Basis that he was responsible for at least 700 but less than 1,000 kilograms of marijuana, the Presentence Report ("PSR") calculated his base offense level to be 30. The PSR then detailed Seaton's criminal history, determining that Seaton was a career offender under U.S.S.G. § 4B1.1. In support of that classification, it noted that Seaton had a prior conviction for possession with the intent to sell marijuana on October 16, 1996 for which he received a two-year sentence of imprisonment. PSR ¶ 45. It also noted that on January 26, 1999, Seaton was convicted of Delivery of Marijuana, with an offense date of March 5, 1997, for which he was sentenced to four years imprisonment. PSR ¶ 48. Also on that date, it noted that Seaton was convicted of another Delivery of Marijuana offense, with an offense date of March 17, 1997, for which he was sentenced to four years imprisonment. PSR ¶ 49. Because Seaton had at least two prior felony drug convictions, the PSR treated Seaton as a career offender under U.S.S.G. § 4B1.1, resulting in an offense level of 37 and a criminal history category of VI.

2

After reducing his offense level to 34 for acceptance of responsibility, the PSR calculated his advisory sentencing guideline range to be 262-327 months. On August 2, 2006, the District Court sentenced Seaton to 262 months on the marijuana conspiracy count and 120 months on the possession of a firearm by a conviction felon count concurrent with each other [Doc. 115, *Judgment*]. Eight years later, on June 16, 2014, Seaton filed this motion under 28 U.S.C. § 2255.

**II.    Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, ..." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case);

3

*Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); see also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. ANALYSIS

In his § 2255 motion, Seaton claims that he received ineffective assistance of counsel and that the District Court erred in finding that his prior felony drug convictions for possession with the intent to sell marijuana and sale of marijuana were "controlled-substance offenses" within the meaning of the career offender provision of the Sentencing Guidelines, citing U.S.S.G. § 4B1.1 and § 4B1.2 [Doc. 164, pg. 5-6]. He argues that the designation of these prior felony drug convictions violate *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *United States v. Ryan*, 407 F.App'x 30 (6th Cir. 2011), because Tennessee Code Annotated § 37-17-417 is a divisible statute that ultimately falls outside the scope of what constitutes a controlled substance offense under the Sentencing Guidelines. Seaton acknowledges that his § 2255 motion is outside the normal one year statute of limitations but contends his motion is timely because *Descamps* constitutes a "change in the law," thus permitting him to file this motion beyond the one year limitation period [Doc. 164, pg. 13].

4

Pursuant to 28 U.S.C. § 2255, federal prisoners may "petition their sentencing court to correct or invalidate sentences imposed upon them provided that they are 'in custody under a sentence of a court established by Act of Congress' and provided that they make their petitions prior to the expiration of a one-year statute of limitations." *Ospina v. United States*, 386 F.3d 750, 752 (6th Cir. 2004) (quoting § 2255). Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See § 2255(f). Seaton filed his motion more than one year after the judgment of conviction became final. The judgment was entered on August 2, 2006 and became final on August 16, 2006. Thus, he had until August 16, 2007, in which to timely file a motion under § 2255. He did not file this motion until June 14, 2014, nearly seven years later [Doc. 164].

Seaton claims, however, that his motion is timely based on § 2255(f)(3), arguing that the Supreme Court in *Descamps v. United States,* --- U.S. ---, 133 S.Ct. 2276 (2013) changed the law, which was "retroactively applicable" to his case on collateral review [Doc. 164, pg. 4]. Seaton's reliance on *Descamps* is misplaced. First, *Descamps* dealt with a different statute, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Id*. at 2284. Seaton pled under 18 U.S.C. § 922(g), not under § 924(e). Second, *Descamps* is not retroactively applicable to cases on collateral review, since *Descamps* did not announce a new rule of constitutional law, see *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014), and the Supreme Court has not made *Descamps* retroactive to cases on collateral review. See *Tyler v. Cane*, 553 U.S. 656, 663 (2001) (holding that

5

"a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."); see also *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) (holding that "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review").

Seaton also finds no support in *Ryan*. In *Ryan,* the Sixth Circuit remanded the case for resentencing because the PSR mistakenly considered a 2004 conviction as a controlled substance offense under U.S.S.G. § 4B1.2(b). Indeed, the PSR indicated that Ryan had pled guilty to "Possession of Controlled Substance with Intent to Sell: Marijuana, [which the Court noted was] a crime for which Ryan was never indicted." *United States v. Ryan*, 407 F. App'x 30, 31 (6th Cir. 2011). The count that Ryan actually pled to was simple possession. *Id.* The Government even agreed that the case should be remanded for resentencing. *Id.* at 30.

This distinction between simple possession and sale was crucial given what constitutes a "controlled substance offense" under U.S.S.G. § 4B1.2(b). Simple possession is not included within the definition of a "controlled-substance offense."[2] If Ryan had only been convicted of simple possession, and not possession with the intent to sell or deliver, then that prior would not constitute a controlled-substance offense under § 4B1.2(b) and he would not be classified as a career offender. Resentencing in *Ryan* was necessary.

Seaton's case is distinguishable. *Ryan* was not a § 2255 case. It was on direct appeal. Second, unlike in *Ryan,* there is no dispute that Seaton had at least two prior convictions for the delivery of marijuana which is a "controlled-substance offense" under U.S.S.G. § 4B1.2(b). Seaton pled guilty to delivery of marijuana with two different offense dates and received two

---

[2] A controlled-substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2(b).

6

concurrent four-year sentences. PSR ¶¶ 48, 49. He did not object at sentencing to the district court's determination that he had two prior felony convictions that qualified as "controlled-substance offenses." Indeed, he even stipulated that he had those convictions.

Accordingly, Seaton's motion is untimely, and his case shall be dismissed on that ground. Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Seaton has not alleged facts in his motion nor could he that warrant the application of equitable tolling. "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560-61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). In this case, it is clear that based on the allegations in Seaton's motion, he cannot show any compelling circumstances to extend the one-year statute of limitations. His attempt to justify filing this motion seven years after the statute are based on a misreading of *Descamps* and are otherwise without merit. Thus, the statute in this case is not subject to equitable tolling.

The Court notes parenthetically that even if Seaton could bring his claim, his claim is would not succeed. He contends that T.C.A. § 39-17-417 is a "divisible statute under the Supreme Court's interpretation in *Descamps*." [Doc. 164, pg. 12]. Thus, he argues, his priors cannot be a qualifying

7

offense under the career offender guideline. The Sixth Circuit has "always treated a violation of [T.C.A.] § 39–17–417[, which prohibits the possession of a controlled substance with the intent to manufacture, deliver or sell it,] as a categorical controlled substance offense" making those convictions a qualifying predicate offense for career offender status. *United States v. Douglas*, 563 F.App'x. 371, 377 (6th Cir. 2014). Thus, besides his claim being untimely, Seaton's challenge to his career offender status fails. Thus, the District Court properly considered him a career offender under the Guidelines, and his claim that he received ineffective assistance of counsel lacks merit.

## IV. CONCLUSION

The Court finds that Seaton has failed to demonstrate that he is entitled to relief under § 2255 and his motion to vacate, set aside or correct the sentence [Doc. 164] will be DENIED. This action will be DISMISSED.

The Court now must consider whether to issue a certificate of appealability (COA) should Seaton file a notice of appeal, since he may not appeal a final order in a § 2255 case to the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). Issuance of a COA depends on whether Seaton has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court will CERTIFY that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will DENY Seaton leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Seaton having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability SHALL NOT ISSUE. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

8

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**